# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BRUCE NORTON,　　　　　　　　　　　　　　CASE NO.:

　　　Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

　　　Defendant.
_____/

# COMPLAINT FOR DAMAGES
# AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff BRUCE NORTON (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, who hereby sues the Defendant UNITED PARCEL SERVICE, INC. (hereinafter sometimes referred to as "Defendant"), and would state:

## THE PARTIES

1. Plaintiff is a natural person, *sui juris*, a citizen of Florida, and a resident of Orange County, Florida.

2. Plaintiff alleges that Defendant is a foreign (Ohio) corporation doing business in Seminole County, Florida.

## JURISDICTION AND VENUE

3. This is an action arising under the Americans with Disabilities Act Amendments Act ("ADAAA") and Section 440.205, Florida Statutes.

4. Defendant is doing business and has committed acts in the Middle District of Florida in violation of Plaintiff's rights under federal and Florida law thereby giving this Court personal jurisdiction over Defendant.

1

5. This Court has subject matter jurisdiction to hear and determine Plaintiff's federal claims and, because the Florida statutory claim is ancillary and pendant to the federal claims, supplementary jurisdiction is appropriate over the state law claim.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a). Further, pursuant to Middle District Local Rule 1.02(c), venue is proper in the Orlando Division of the Middle District of Florida because the alleged acts giving rise to this claim have occurred in counties of which the Orlando Division is comprised as set forth in Local Rule 1.02(b)(3).

## **GENERAL ALLEGATIONS**

7. Norton is a 55 year old male who at pertinent times material to the claims raised herein had a handicap or disability or was perceived by UPS as having a handicap or disability and who suffered discrimination based on his handicap/disability or perceived handicap/disability and retaliation pertaining to his objections and complaints about discriminatory treatment; as such, he is a member of a class of individuals protected by the ADAAA.

8. Norton was originally hired by UPS in or around January 1984.

9. On September 18, 2019, while out on a worker's compensation medical leave period, UPS cancelled Norton's health care coverage in retaliation for him having raised earlier claims of discrimination and harassment against the company and in retaliation for having sought benefits under Florida's worker's compensation statutory scheme.

10. Norton later learned that UPS went even further and "backdated" the cancellation of his health care coverage by an additional 30 days to approximately mid-August 2019.

11. Norton has filed numerous grievances with his union to no avail and no one from the company has truthfully indicated why his health care coverage was summarily cancelled.

12. Norton's first worker's compensation leave started on May 14, 2018 for a 2017 work injury and he was subsequently released by his health care provider for temporary alternate work also known as TAW (light duty work).

13. Norton's Center Manager Steve Jones refused the doctor's request for light-duty work because Norton was an injured worker with foot and ankle injuries and an active shop steward who had filed grievances against Steve Jones in the past.

14. Steve Jones' refusal for TAW was not based on availability.

15. During that time frame, two other drivers were allowed to perform TAW and their names are George Martinez and Willie Ayala (who also work in UPS's Longwood, Florida Center where Steve Jones is the Center Manager).

16. Allowing less-senior drivers than Norton to perform TAW and refusing his request for the same work constitutes discrimination and retaliation.

17. During his time on worker's compensation leave, Steve Jones refused TAW more than once. In January 2019, Norton was refused TAW again. Moreover, in July 2019, Norton was yet again refused TAW by Steve Jones.

18. If Plaintiff had been allowed to perform TAW either in January 2019 or July 2019 he would not have had his and his family's health insurance terminated by UPS.

19. Moreover, there are other UPS drivers who have been on worker's compensation leave for more than a year and whose health insurance has not been cancelled. They are Larry Hernandez, Shawn Mason, George Martinez, David Martin, Dan Hicks, and Wayne Meehan.

20. Norton has been damaged by UPS's actions and omissions.

21. Norton has timely brought this Complaint within all applicable statutes of limitations and satisfied all conditions precedent to the institution of the lawsuit.

## SPECIFIC ALLEGATIONS

## COUNT I

## DISABILITY DISCRIMINATION UNDER ADAAA

22. Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1-21 of this Complaint as though set forth fully at length herein.

23. Defendant has, with malice or reckless indifference, violated the dictates of the ADAAA by intentionally discriminating against Plaintiff due to an actual or perceived disability.

24. As a direct and proximate result of Defendant's acts, Plaintiff has suffered damages, including, but not limited to, lost employment, income, benefits, seniority, distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff respectfully requests that this Court award Plaintiff such damages as he has sustained and as shall appear proper within the provisions of the ADAAA, including, but not limited to, back pay, front pay, economic and non-economic compensatory damages, attorney's fees, court costs, interest, and all other relief that this Court may deem just and proper.

## COUNT II

## RETALIATION UNDER ADAAA

25. Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1-21 of this Complaint as though set forth fully at length herein.

26. Defendant has, with malice or reckless indifference, violated the dictates of the ADAAA by retaliating against Plaintiff.

27. As a direct and proximate result of Defendant's retaliatory acts, Plaintiff has suffered damages, including, but not limited to, lost employment, income, benefits, seniority, distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff respectfully requests that this Court award him such damages as he has sustained and as shall appear proper within the provisions of the ADAAA, including, but not limited to, back pay, front pay, compensatory damages including but not limited to damages for mental anguish, loss of dignity, and other intangible injuries, reasonable attorney's fees, court costs, interest, and such other and further relief that this Court may deem just and proper.

## COUNT III

## SECTION 440.205, FLORIDA STATUTES RETALIATION

28. Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1-21 of this Complaint as though set forth fully at length herein.

29. After suffering injuries at work, Defendant retaliated Plaintiff by cancelling his health care coverage in contravention of the dictates of Section 440.205, Florida Statutes.

30. A substantial factor in Defendant's motive in cancelling Plaintiff's health care coverage was to interfere with, deter him from, or retaliate against him for exercising his rights under Florida's worker's compensation statutory scheme.

31. As a result of Defendant's actions aforementioned, Plaintiff has suffered great harm, including, but not limited to, economic and emotional distress damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court award Plaintiff such damages as Plaintiff has sustained and as shall appear proper pursuant to the law of Florida, including, but not limited to, all compensatory damages allowable at law, costs, plus such other relief that this Court may deem just and proper.

## **JURY DEMAND**

32.     Plaintiff is entitled to and demands a trial by jury as to the claims asserted herein.

DATED this 14th day of April 2020.

HOLLIFIELD LEGAL CENTRE
By:
**/s/ Travis R. Hollifield**
_____
Travis R. Hollifield – Trial Counsel
Florida Bar No. 0094420
147 E. Lyman Avenue – Suite C
Winter Park, Florida 32789
Telephone: (407) 599-9590
Facsimile: (407) 599-9591
Primary e-mail: trh@trhlaw.com
Secondary e-mail: rf@trhlaw.com
ATTORNEY FOR PLAINTIFF